**UNITED STATES of America, Plaintiff,**

v.

**Walter PRITCHARD, Defendant.**

**No. 87 C 10457 (82 CR 768).**

United States District Court,
N.D. Illinois, E.D.

Jan. 27, 1988.

---

Anton R. Valukas, U.S. Atty. by Joel D. Bertocchi, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Walter Pritchard, pro se.

BUA, District Judge.

## ORDER

After a bench trial before this court in 1983, petitioner Walter Pritchard ("Pritchard") was convicted of offenses relating to unlawful possession of firearms, 18 U.S.C. § 1202(a)(1) and 26 U.S.C. § 5861(d), and possession of illegal wiretapping equipment, 18 U.S.C. § 2512. Pritchard's convictions were affirmed on appeal. *United States v. Pritchard*, 745 F.2d 1112 (7th Cir.1984). The firearm convictions were based in part on evidence that a locked suitcase recovered from Pritchard's residence contained weapons which were unlawful for Pritchard to knowingly possess and testimony of a government agent who stated he saw several of the weapons later found in the suitcase in the rear of Pritchard's vehicle days before the arms were seized by officers. At trial, Pritchard defended the firearm offenses on the theory that he was given the suitcase for safekeeping by an undisclosed individual and was not told of the suitcase's contents.

In his § 2255 petition, Pritchard moves this court to vacate his firearm convictions on the ground that the government's failure to disclose the identity of a government informant with whom Pritchard associated deprived Pritchard of tendering the defense of entrapment. According to Pritchard's present contentions, the undisclosed government informant, William Petrocelli, Jr., deceased, was the individual who gave Pritchard the suitcase containing the firearms without disclosing its contents.

Failure to raise constitutional challenges to a conviction on direct appeal bars a petitioner from asserting those issues in a subsequent action, absent a showing of good cause for and prejudice from the failure to appeal. *Norris v. United States*, 687 F.2d 899, 903–04 (7th Cir.1982). Here, no dispute exists that Pritchard did not raise the alleged nondisclosure argument at trial or on direct appeal. The issue presented in this case is whether good cause existed for this failure and, if so,

569

whether prejudice resulted. Reviewing Pritchard's petition and supporting affidavit, certain questions arise concerning when Pritchard actually became aware that Petrocelli may have been a government informant. In his petition, Pritchard states that only after his incarceration did he learn that Petrocelli was an informant. However, in an affidavit he attaches to his petition, Pritchard states: "After March 16, 1981, I had conversations with a few of [Petrocelli's] close associates. The consensus was that Petrocelli was a suspected informant for the FBI and it was for this reason that he was killed." Although the two statements are not logically inconsistent, the affidavit strongly suggests that Pritchard engaged in the above-referenced conversations before late 1984 when his convictions were affirmed and he began serving his sentence.

Even assuming Pritchard did not learn of Petrocelli's status as an informant until after exhausting his direct appeal, Pritchard is still unable to show prejudice. Pritchard states in paragraph (f) of his petition that "[i]t is only the status of Mr. Petrocelli's relationship to the government which gives rise to the issue of entrapment." Nowhere in his petition does Pritchard admit that he knew the suitcase which Petrocelli allegedly gave him contained firearms. To the contrary, Pritchard continues to assert that he was ignorant of the contents of the suitcase. Pritchard Affidavit ¶ 7. To raise the entrapment defense, all the elements of the charged offense must be conceded. *United States v. Gabriel*, 810 F.2d 627, 637 (7th Cir.1987). The convictions which Pritchard attacks in this petition each required proof that Pritchard knowingly possessed the firearms found in the suitcase. Because Pritchard continues to assert he was unaware the suitcase contained firearms and the offenses for which he was convicted require knowledgeable possession, Pritchard is unable to advance the defense of entrapment. Since the only argument advanced by Pritchard for relief from his convictions stems from the alleged deprivation of a defense which is legally impossible for Pritchard to assert, this court de-

nies Pritchard's relief petition under 28 U.S.C. § 2255.